1  Thomas Myers (CA SBN 120674)
   myers@smithmyerslaw.com
2  SMITH & MYERS LLP
3  800 Wilshire Boulevard, Suite 800
   Los Angeles, California 90017
4  Telephone: (213) 613-2380
5  Facsimile: (213) 613-2395

6  Ángel J. Valencia (*Pro Hac Vice Application to be Filed*)
7  ajv@nrtw.org
   Milton L. Chappell (*Pro Hac Vice Application to be Filed*)
8  mlc@nrtw.org
9  c/o NATIONAL RIGHT TO WORK LEGAL
   DEFENSE FOUNDATION, INC.
10 8001 Braddock Road, Suite 600
11 Springfield, Virginia 22151
   Telephone: (703) 321-8510
12 Facsimile: (703) 321-9319

13

14 Attorneys for Plaintiff and the Classes He Seeks to Represent

15 **UNITED STATES DISTRICT COURT**

16 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  MICHAEL MCCAIN, for Himself and the Classes He Seeks to Represent, | ) Case No: 2:19-cv-00228 |
| 19 | ) **COMPLAINT –** |
| 20                Plaintiffs, | ) **CLASS ACTION** |
| 21  v. | ) Constitutional Violation Action |
| 22  VENTURA COUNTY FEDERATION | ) (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief |
| 23  OF COLLEGE TEACHERS, AFT | ) |
| 24  LOCAL 1828, AFL-CIO; AMERICAN FEDERATION OF TEACHERS; | ) |
| 25  VENTURA COUNTY COMMUNITY | ) |
| 26  COLLEGE DISTRICT, | ) |
| 27                Defendants. | ) |
| 28 | ) |

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

## **INTRODUCTION**

1.     On June 27, 2018, the Supreme Court held it unconstitutional for public-sector unions and employers to collect/deduct union dues or fees from public employees without their affirmative consent and a knowing waiver of their First Amendment rights. *Janus v. AFSCME, Council* 31, 138 S.Ct. 2448, 2486 (2018).

2.     Plaintiff Michael McCain ("McCain") is a public employee of the Ventura County Community College District ("Ventura District") and is employed in a bargaining unit represented by the Ventura County Federation of College Teachers, AFT Local 1828 ("AFT 1828").

3.     After being notified of McCain's decision to revoke any prior dues authorization, Ventura District and AFT 1828, directly or indirectly, nonetheless continued to deduct dues from his paychecks, in furtherance of the AFT's restrictive revocation policies.

4.     AFT 1828 and Ventura District violate the First Amendment rights of McCain and of the proposed class of public employees subject to AFT 1828's revocation policy, by collecting/deducting union dues from their wages without their knowing consent, thereby severely restricting their exercise of their First Amendment right under *Janus* not to subsidize unions.

5.     Defendants maintain and enforce policies, including the dues deduction provisions of the existing collective bargaining agreement between

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

AFT 1828 and Ventura District. Under these policies, AFT 1828 and Defendant American Federation of Teachers ("AFT National") (collectively called, "the AFT") collects, directly or indirectly, union dues from the wages of public employees, even from those who have notified the AFT of their resignation from union membership and revocation of their prior dues deduction authorizations.

6.     McCain brings this civil rights action, pursuant to 42 U.S.C. § 1983 on behalf of himself and all other similarly situated employees, seeking: (a) a judgment declaring the revocation restrictions and the deduction of union dues or fees without the employees' affirmative consent and knowing waiver of First Amendment rights are unconstitutional and unenforceable; (b) judgment declaring Article 18.2.A of the collective bargaining agreement, which limits employees' dues deductions revocation rights to a yearly 15-day window, violates the First Amendment and is null and void; (c) injunctive relief that prohibits the maintenance and enforcement of the unconstitutional policies, actions and provisions, along with compensatory and nominal damages, and (d) costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7.     This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff McCain and all class members by the Constitution of the United States, particularly the First and

Fourteenth Amendments.

8.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9.     This action is an actual controversy in which Plaintiff McCain seeks a declaration of his rights under the Constitution of the United States.  Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiff McCain's rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and division and Defendants operate and do business in this judicial district and division.

## PARTIES

11.    Plaintiff Michael McCain resides and works in Ventura County, California.

12.    Defendant Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO ("AFT 1828"), whose office is located at 816 Camarillo Springs Road, Suite B, Camarillo, California 93012, is a local public sector labor union and an affiliate of Defendant American Federation of Teachers ("AFT National").  AFT 1828 is the exclusive representative of thousands of faculty members throughout the Ventura District and is a party to a collective bargaining agreement with the Ventura County Community College District.

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

13. Defendant American Federation of Teachers ("AFT National") is a national labor union with whom Defendant AFT 1828 is affiliated, and conducts business throughout the Central District of California. It is headquartered at 555 New Jersey Avenue, N.W. Washington, D.C. 20001.

14. Defendant Ventura County Community College District, whose address is 761 East Daily Drive, Camarillo, California 93010, is a community college district serving Ventura County, California. It is responsible for deducting dues from Plaintiff McCain and other members of the bargaining unit and remitting them to the AFT.

## FACTUAL ALLEGATIONS

15. Plaintiff Michael McCain is a professor of mathematics and an employee of the Ventura County Community College District.

16. At all relevant times, McCain has been subject to the exclusive representation of the AFT and subject to the collective bargaining agreement between Ventura District and the AFT.

17. On August 11, 2005, McCain signed the AFT's dues checkoff authorization card that authorized the deduction of union dues from his wages. At this time, McCain was required, as a condition of employment, to either join the union as a full member or pay union forced fees even if he was a nonmember.

/ / /

/ / /

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

18.   On June 27, 2018, the Supreme Court in *Janus* held forced fee requirements unconstitutional and that public employees had a First Amendment right not to have union dues or fees deducted from their wages without their affirmative consent and knowing waiver of their First Amendment rights. 138 S.Ct. at 2486.

19.   After *Janus* was decided, McCain notified the AFT on August 27, 2018, in writing, of his resignation as a member of the AFT and that he did not consent to any deduction of union dues or fees from his wages.   The AFT responded in writing denying his request.

20.   The AFT's checkoff card signed by McCain states:

> "I hereby authorize the Ventura County Community College District to withhold from my warrant the constitutional monthly dues of the Ventura County Federation of College Teachers, AFT, Local 1828. I understand this authorization will remain in effect until further notice unless changed or terminated by me on thirty days' notice to the District Payroll Office and the Ventura County Federation of College Teachers."

21.   Nevertheless, Article 18.2.A of the collective bargaining agreement between the AFT and the Ventura District states a more restrictive revocation policy:

> "Any employee who is paying dues may stop making those payments by giving written notice to the Federation during the period not less than thirty (30) and not more than forty-five (45) days before: 1.) the annual anniversary date of the employee's hire date or 2.) the date of termination of the applicable contract between the

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

employer and the Federation, whichever occurs sooner, unless the Federation and the employer are in subsequent negotiations on a successor contract. The employer will honor the employee's check-off authorizations unless he/she has revoked that authorization in writing during the window period as authorized by the Federation, irrespective of the employee's membership in the Federation. Any faculty member who is not a member of the Federation or who does not make application for membership within thirty (30) days of the effective date of this Article or within thirty (30) days of the commencement of assigned duties shall pay a service fee to the Federation. At any time, a faculty member may become a Federation member..."[1]

22.     Neither the AFT's dues checkoff authorization nor the collective bargaining agreement contain language that informs potential signatories: (1) that they have a First Amendment right not to subsidize the union and its speech; or (2) that, by signing the cards, they are waiving their First Amendment right to not subsidize the AFT and its speech.

23.     The AFT's restrictive revocation policy is enforced by the Ventura District that, in coordination with the AFT and at its behest, deducts union dues from employees' wages and remits those monies to the AFT pursuant to dues deduction agreements and dues checkoff provisions.    The AFT and Ventura District have failed and refused to terminate their restrictive revocation policy

---

[1]    2016-2019 Ventura County Community College District/Ventura County Federation of College teachers AFT local 1828, AFL-CIO Collective Bargaining Agreement Article 18.2.A. Available at: https://www.vcccd.edu/sites/default/files/files/departments/human-resources/contracts/AFT/2016-2019-aftagmt-07.10.18-final-indexed_0.pdf (last visited November 29, 2018).

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

1   after McCain's notification of revocation of consent for such deductions.

2       24.    Pursuant to its restrictive revocation policy, Defendants continued to

3
4   collect and deduct union dues from McCain and other employees after they

5   notified the AFT that they did not consent to paying union dues or forced fees.

6   Unless enjoined from so doing, the AFT and the Ventura District will continue to

7
8   collect/deduct union dues from employees.

9       25.    On information and belief, Defendants have enforced, and will

10  continue to enforce, the restrictive revocation policy by collecting and deducting

11
12  union dues from employees who notified the AFT that they do not consent to

13  paying union dues or fees.

14              **CLASS ACTION ALLEGATIONS**

15
16      26.    Plaintiff McCain brings this case as a class action pursuant to Federal

17  Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for

18  himself and for all others similarly situated, and any subclasses deemed

19
20  appropriate by this Court, as described in the following classes:

21      27.    Plaintiff McCain is the class representative of the "Revocation

22  Class", which consists of individuals: (a) who are Ventura County Community

23
24  College District employees exclusively represented by the AFT or one of its

25  affiliates for purposes of collective bargaining, (b) who resigned union

26  membership and revoked their consent to the payment of any union dues, and (c)

27
28  who had or are still having union dues deducted from their wages in spite of such

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

resignation and revocation request. The class includes everyone who comes within the class definition at any time from the time of resignation from union membership and revocation of consent to the payment of dues.

28. Plaintiff McCain is the class representative of the "Full Dues Class", which consists of Ventura County Community College District employees exclusively represented by the AFT or one of its affiliates for purposes of collective bargaining who are subject or become subject to Defendants' restrictive revocation policy.

29. Upon information and belief, there are hundreds, if not thousands, of class members in both classes described above. Their number is so numerous that joinder is impractical. The precise number of class members is unknown to Plaintiff McCain, but it is clear that the number greatly exceeds the number to make joinder feasible.

30. There are questions of law and fact common to all Revocation and Full Dues class members. Factually, all have had union dues deducted from their wages and are or were subject to the same or similar restrictive revocation policy. For McCain and Full Dues class members, the dispositive legal question is whether Defendants' maintenance and enforcement of their restrictive revocation policy violates the First Amendment. For McCain and Revocation class members, the dispositive legal question is whether the deduction and collection of full union dues from employees' wages violates their rights under the First Amendment.

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

31.     McCain's claims and defenses are typical of the Full Dues class members' claims because they concern whether Defendants' restrictive revocation policy unlawfully restricts employees' First Amendment rights.

32.     McCain's claims and defenses are typical of the Revocation class members' claims because Defendants have seized and collected or are currently seizing and collecting dues from McCain and Revocation class members in violation of their First Amendment right to not subsidize union activity without their affirmative consent and known waiver of that First Amendment right, as recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

33.     Plaintiff McCain can fairly and adequately represent the interests of both classes and has no conflict with other, similarly situated class members. McCain has no interest antagonistic to others who have been subjected by Defendants to the aforementioned restrictive revocation policy and union dues deductions scheme.

34.     Plaintiff McCain's counsel has considerable experience handling class actions and the types of claims asserted in the instant complaint. Moreover, Plaintiff McCain's counsel is knowledgeable in the applicable law and possesses the necessary resources for committing to representing the class.

35.     The Revocation Class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because Defendants' duty to cease the union dues deductions and collections applies equally to McCain and class

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

36. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of union dues deductions in the aforementioned circumstances as to one of the class members, as a practical matter, will be dispositive of the interests of all class members or would substantially impair or impede the other class members' ability to protect their interests.

37. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted to deprive McCain and class members of their constitutional rights on grounds generally applicable to all, thereby making declaratory, injunctive, and other equitable relief appropriate with regard to the class as a whole.

38. Alternatively, the Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned dues deductions violate their First Amendment rights and whether the restrictive revocation policy of the CBA constitute a valid waiver of a constitutional right when it was ratified

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

before the right not to subsidize union activity was recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

39.    The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted.  This fact is known to Defendants and easily calculated from Defendants' business records.  The limited amount of money involved in the case of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

40.    The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because separate class actions by Full Dues class members could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

41.    The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of Defendants' maintenance of their restrictive revocation policy will, as a practical matter, be dispositive of the interests of all Full Dues class members or substantially impair or impede their ability to exercise their First Amendment rights.

42.    The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because by maintaining and enforcing their restrictive

revocation policy, Defendants have acted or refused to act on grounds that apply generally to members of the Full Dues Class, so that final injunctive or declaratory relief is appropriate for the Full Dues class as a whole.

## CAUSES OF ACTION

43.    Plaintiff McCain re-alleges and incorporates by reference the paragraphs set forth above in this Complaint.

44.    McCain is suing Defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, on behalf of himself and the requested class.

## COUNT I

## (Full dues deductions without consent and waiver of First Amendment rights violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)

45.    Defendants' maintenance and enforcement of its restrictive revocation policies and deduction of union dues from the wages of McCain and Revocation class members without the affirmative authorization and knowing waiver of First Amendment rights violates McCain's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46.    Furthermore, Defendants' continued deduction and collection of union dues in spite of the decision to revoke any prior dues authorization violates

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

McCain's and Revocation Class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.SC. § 1983.

47.   The U.S. Supreme Court held that under the First Amendment, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S.Ct. at 2486.

48.   The U.S. Supreme Court in *Janus* further held that an individual's consent to pay union dues requires a waiver of First Amendment rights. *Id.*   In order to be effective, a waiver of First Amendment rights must be knowingly, clearly and voluntarily made.

49.   Defendants did not obtain from McCain, Revocation Class members or Full Dues Class members a valid waiver of their First Amendment rights under *Janus* prior to the deduction of dues because, among other reasons, the AFT's dues authorization form and Defendants' more restrictive revocation policy in the CBA do not clearly inform employees that they have First Amendment rights not to financially support an exclusive representative.   Nor does the AFT's dues authorization form or Defendants' CBA expressly state that the employee agrees to waive or restrict his/her First Amendment rights to a fifteen (15) day window period.

50.     Plaintiff McCain and Revocation Class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' restrictive revocation policies, provisions and continued deductions of union dues.

## COUNT II

**(Defendants' Revocation Policy Deprives Plaintiff McCain, Full Dues Class Members and Revocation Class Members of their First Amendment Rights)**

51.     Defendants' restrictive revocation policy prohibits or prohibited McCain, Full Dues Class Members and Revocation Class Members from exercising their First Amendment rights under *Janus* to not subsidize a labor union and its speech.

52.     Defendants did not obtain from McCain, Full Dues Class members, or Revocation Class members a valid waiver of their First Amendment rights under *Janus* because, among other reasons, the AFT's dues authorization form and Defendants' more restrictive revocation policy in the CBA do not clearly inform employees that they have a First Amendment right not to financially support an exclusive representative.  Nor do they expressly state that the employee agrees to waive or restrict his/her exercise of First Amendment rights to a fifteen (15) day window period.

///

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

53.      Defendants' restrictive revocation policy caused and continues to cause the deduction and collection of union dues from McCain, Full Dues Class members and Revocation Class Members who do not consent to paying union dues or having union dues deducted from their wages.

54.      Defendants' maintenance and enforcement of their restrictive revocation policy deprives McCain, Full Dues Class members and Revocation Class members of their First Amendment rights to free speech and association, as secured against infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff McCain requests that this Court:

A.      **Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the classes as defined in the complaint, certifying Plaintiff McCain as class representative of both classes, and appointing Plaintiff McCain's counsel as class counsel for the classes;

B.      **Declaratory Judgment:** (i) Enter a declaratory judgment that the restrictive revocation policies put in place by Defendants are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable and (ii) Enter a declaratory judgment that Defendants are violating McCain's and Revocation Class members' First Amendment rights as secured against State infringement by

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting and deducting union dues from public employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues.

C.   **Injunctive Relief:** (i) Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing their restrictive revocation policies and from collecting and deducting union dues from Plaintiff and other public employees who notify their union that they do not consent to paying union dues; (ii) Permanently enjoin Defendant Ventura County Community College District from carrying out dues deductions —pursuant to the AFT's revocation policies— from Plaintiff's and Revocation Class members' paychecks; (iii) Order Defendants to reimburse McCain and Revocation Class members the amount of money equal to the unlawfully and improperly withheld union dues deducted and collected up to two years prior to the commencement of this action, plus applicable interest, and (iv) permanently enjoin Defendants and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Article 18.2.A of the collective bargaining agreement.

D.   **Damages:** (i) Enter a judgment awarding McCain and Revocation Class members compensatory damages, refunds or restitution in the amount of union dues deducted or required to be paid, directly or indirectly, to the Union

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

from their wages without their affirmative and knowing consent; (ii) Enter a judgment awarding nominal damages to Full Dues Class members.

E.      **Costs and Attorneys' Fees**: Award Plaintiff McCain and all class members their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988.

F.      **Other Relief**: (i) Require the AFT to provide Plaintiff McCain and all class members with written notice that its revocation policies are unconstitutional and unenforceable and that they can exercise their First Amendment right to not pay union dues without their consent at any time; and (ii) Grant other and additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Dated:  January 9, 2019                    SMITH & MYERS LLP


By  /s/ Thomas Myers
        Thomas Myers

Ángel J. Valencia
(*Pro Hac Vice* to be applied for)
Milton L. Chappell
(*Pro Hac Vice* to be applied for)

Attorneys for Plaintiff Michael McCain and the Classes He Seeks to Represent

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395