SCOTT A. KRONLAND (SBN #171693)
EILEEN B. GOLDSMITH (SBN #218029)
REBECCA LEE (SBN #305119)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Emails: skronland@altber.com
egoldsmith@altber.com
rlee@altber.com

*Attorneys for Defendants Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO, and American Federation of Teachers*

Additional Counsel on following page

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MCCAIN, for Himself and the Classes He Seeks to Represent,

Plaintiffs,

v.

VENTURA COUNTY FEDERATION OF COLLEGE TEACHERS, AFT LOCAL 1828, AFL-CIO; AMERICAN FEDERATION OF TEACHERS; VENTURA COUNTY COMMUNITY COLLEGE DISTRICT

Case No. 2:19-cv-00228-PA (GJSx)

**AFT DEFENDANTS' NOTICE OF RELATED CASES (Civ. L.R. 83-1.3)**

Related Cases:

*Martin v. California Teachers Association, et al.*, No. 2:18-cv-08999-JLS-DFM

*Babb v. California Teachers Association, et al.*, No. 8:18-cv-00994-JLS-DFM

*Matthews v. United Teachers Los Angeles, et al.*, No. 2:18-cv-06793-JLS-DFM

*Wilford v. National Education Association et al.*, No. 8:18-cv-01169-JLS-DFM

*Few v. United Teachers Los Angeles, et al.*. No. 2:18-cv-09531-JLS-DFM

Lawrence Rosenzweig (SBN #72443)
LAWRENCE ROSENZWEIG, P.C.
1990 S. Bundy Drive, Suite 777
Los Angeles, CA 90025
Telephone: (310) 453-0348
Email: lrpcorp@aol.com

*Attorneys for Defendant Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO*

**NOTICE OF RELATED CASES**

Pursuant to Civil Local Rule 83-1.3, Defendants Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO ("AFT Local 1828"), and American Federation of Teachers ("AFT") (together "AFT Defendants") hereby provide notice of the following group of five related cases pending in the Central District of California: *Martin v. California Teachers Association, et al.*, No. 2:18-cv-08999-JLS-DFM; *Babb v. California Teachers Association, et al.*, No. 8:18-cv-00994-JLS-DFM; *Matthews v. United Teachers Los Angeles, et al.*, No. 2:18-cv-06793-JLS-DFM; *Wilford v. National Education Association et al.*, No. 8:18-cv-01169-JLS-DFM; and *Few v. United Teachers Los Angeles, et al.*, No. 2:18-cv-09531-JLS-DFM.

The present case is another lawsuit relying on the Supreme Court's decision in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (June 27, 2018), to challenge the collection of funds through payroll deduction to support a California teachers union and the national union with which that California union is affiliated. This case raises several of the same issues, against some of the same defendants, who are already before the Court in the above-listed group of five related cases. Therefore, this case arises from the same or closely-related transactions, happenings, or events as those at issue in the above-listed cases, calls for determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor and the risk of inconsistent rulings if heard by different judges. *See* Civ. L.R. 83-1.3.1.

In this putative class action, Plaintiff McCain alleges that the AFT Defendants' collection of union membership dues pursuant to his written authorization for payroll deductions of union dues violates his First Amendment rights. He seeks a declaration that the Defendants' deduction of dues and revocation-of-authorization policies are unconstitutional; an injunction against the

enforcement of those revocation policies; a refund of dues previously paid; and an injunction against further dues collection. McCain has sued AFT Local 1828 (his local AFT affiliate), the AFT, and the Ventura County Community College District (his employer). *See McCain* Complaint, Dkt. 1.

The constellation of legal issues and defendants in this putative class action overlaps substantially with the issues and parties involved in the group of related post-*Janus* cases already pending in this Court.

*Few v. United Teachers Los Angeles*, No. 2:18-cv-09531-JLS-DFM, presents a very similar First Amendment challenge to the United Teachers Los Angeles ("UTLA") policy of limiting dues deduction revocation to certain window periods as authorized by union members in accordance with the language of their dues authorizations. *See Few*, First Amended Complaint ("FAC"), ¶¶33-52 (Dkt. 38). UTLA, the principal defendant in *Few*, is an affiliate of AFT, one of the defendants here. *Martin v. California Teachers Association, et al.*, No. 2:18-cv-08999-JLS-DFM, also involves a challenge to the collection of membership dues by teachers unions, including the practice of limiting dues deduction revocation to certain window periods as authorized by union members. *See Martin*, FAC ¶¶60-62 (Dkt. 47). In *Few* and *Martin*, as here, some of the plaintiffs allege that they would not have become union members prior to *Janus* if they had known that they had First Amendment rights not to financially support an exclusive representative. *See Few*, FAC ¶¶41-43 (Dkt. 38); *Martin*, FAC ¶¶17-19 (Dkt. 47); *compare McCain*, Complaint ¶49 (Dkt. 1). *Few*, *Martin*, and this case all squarely raise the issue of whether a union may lawfully enforce terms of union dues deduction authorizations.

This case also includes a claim for class-wide retrospective damages that includes the period before the *Janus* decision. As such, this case will present the issue whether unions that followed California law and then-binding Supreme Court

precedent have a good faith defense to pre-*Janus* liability under 42 U.S.C. §1983. (The Complaint in this case alleges that dues authorizations are invalid because they do not advise employees "that they have First Amendment rights not to financially support an exclusive representative." Complaint ¶49 (Dkt. 1)). The issue whether unions have a good faith defense to §1983 liability for pre-*Janus* conduct is presented in *Babb v. California Teachers Association, et al.*, No. 8:18-cv-00994-JLS-DFM and *Wilford v. National Education Association et al.*, No. 8:18-cv-01169-JLS-DFM, as well as in *Martin.*

The AFT is not only a defendant in both this case and *Wilford*, but the putative class in *Wilford* appears to overlap with the class alleged here. This case is a putative class action on behalf of a "Revocation Class," which is described as all those Ventura County Community College District employees who are represented by AFT and who have resigned their union membership, revoked their consent to pay dues, and who had union dues deducted from their pay, *McCain* Complaint, ¶27 (Dkt. 1), and a "Full Dues Class," which is described as those Ventura County Community College District employees who are represented by AFT and who are subject to the dues deduction revocation policy. *Id.*, ¶28. *Wilford* is a putative class action that asserts claims on behalf of, inter alia, an "AFT Subclass" consisting of "each individual who: (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AFT; and (3) has not affirmatively consented in writing to pay the fees." *Wilford* Amended Class Action Complaint, ¶32(b) (Dkt. 155). While *Wilford* appears to challenge only the collection of fair-share fees from employees who were not union members, *id.*, ¶¶41-47, by purporting to sweep in any employee who has "not affirmatively consented in writing to pay the fees," the "AFT Subclass" definition is so broad as to potentially overlap with the class definitions of AFT-

represented employees described in this case. If these cases were to proceed before different judges, there is a potential for conflicting rulings that would affect the same AFT-represented employees. Moreover, *Wilford*'s "AFT Subclass" is defined so broadly as to include any employee represented by California affiliate of AFT in any bargaining unit, including those employees represented by AFT Local 1828.

Because the present case presents many common issues concerning the liability of California teachers unions for similar conduct, and involves one of the same defendants, and a potentially overlapping class, as are at issue in the group of related cases, the AFT Defendants respectfully submit that this case is related to these earlier cases under Civ. L.R. 83-1.3.1.

Dated: February 5, 2019

Respectfully submitted,

By: _/S/ Scott A. Kronland

Scott A. Kronland

ALTSHULER BERZON LLP
*Attorneys for Defendants Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO and American Federation of Teachers*

LAWRENCE ROSENZWEIG, P.C.
*Attorneys for Defendants Ventura County Federation of College Teachers, AFT Local 1828, AFL-CIO*